PER CURIAM:
 Denied. Relator fails to show he was denied the effective assistance of counsel during plea negotiations under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Relator’s remaining claims are repetitive and/or unsupported. La.C.Cr.P. art. 930.2; La.C.Cr.P. art. 930.4. We attach hereto and make a part hereof the District Court’s oral reasons denying relator’s application.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended La.C.Cr.P. art. 930.4 to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in state collateral proceedings in accord with La. C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his bright to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
Attachment
JjSTATE OF LOUISIANA VERSUS DARRYL PUDERER CRIMINAL DISTRICT COURT PARISH OF ORLEANS SECTION: “E”
DOCKET NO: 496-717
TRANSCRIPT OF THE ABOVE-REFERENCED MATTER, HELD ON MARCH 3, 2015, BEFORE THE HONORABLE KEVA LANDRUM-JOHNSON, JUDGE PRESIDING.
APPEARANCES:
REPRESENTING THE STATE: KYLE DALY ESQ.
REPRESENTING THE DEFENDANT: JUSTIN HARRELL, ESQ.
REPORTED BY: DONNA COLEMAN, CCR, RPR
1J-N-D-E-X
COURT’S RULING 3
IbTHE COURT:
All right. This is for Mr. Puderer. It’s the ruling on the post-conviction. And I believe on the last dated, you-all did do, like, oral argument on the record. And then the court recessed for the ruling this *980 morning. If you-all will just make your appearances for me.
MR. HARRELL:
Good morning, Your Honor. Justin Harrell on behalf of Mr. Darryl Puderer, who is present in court.
MR. DALY:
Kyle Daly with the State. Good morning, Your Honor.
THE COURT:
Good morning. All right. So this might be a minute because we had several different issues that were filed in both—Mr. Puderer, he had filed a pro se. And then there was a counseled application as well as, and we kind of joined them both. But let me just kind of go through, in the beginning, a factual history of where we are.
In 2010, the State filed a bill of information charging Mr. Puderer with two counts of forcible rape and two counts of second-degree kidnapping. On August 7th, 2010, Mr. Puderer pled guilty to all of these charges, and he was sentenced on each count to 20 years in the department of corrections at hard labor. On September 5th; 2014, the defendant, through counsel, filed the present application for [ npost-con-viction relief. On September 9th, 2014, the defendant filed a pro se application for post-conviction relief. On October 14, 2014, the State filed its response to the counseled application, and on December 12th, the State filed its response to the pro se application.
Now, the main question here is whether or not the Court should, grant the defendant’s application for post-conviction relief. In the defendant’s first pro se and counseled argument, they both assert that the defendant was denied ineffective assistance of counsel as guaranteed by the. Sixth Amendment. Specifically, the defendant argues that he received ineffective assistance because—and there was eight issues that he raised, the first being that counsel failed’ to apply for supervisory writing of Court’s denial 'of the motion, to quash; that the- counsel failed to obtain suppression-of the 2008 lineup; that counsel failed to obtain exclusion of prieur evidence; that counsel failed to file a motion to quash Count 3 of the bill of indictment or information; that counsel failed to raise an ulterior motive by the alleged victim of the 2008 case; sixth, that counsel failed to raise that the prosecution of one count had expired pursuant to Code of Criminal Procedure article 572; his seventh, was that counsel failed to raise an ex post facto clause in reference to the constitutionality of article 572, the DNA general exception—the general time limitation, exception to the general time limitation, excuse |7me; and Count 8, that counsel failed to reserve any issues or appeal pursuant to State v. Crosby.
Specifically, as to the ineffective assistance of counsel, the United States Supreme Court has held that the benchmark for judging any claim of ineffectiveness must be whether counsel’s conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having—that the trial cannot be relied on as having produced a just, result.
In particularly, the defendant must show that his representation fell below an objective standard of reasonableness and that but for counsel’s errors, the results of the trial would have been different. Further, it is unnecessary to address the issues of both the performance and prejudice to the defendant if the defendant makes an inadequate showing on one of those components.
In the defendant’s first subclaim, he contends that counsel was ineffective for failing to apply for supervisory writs of the *981 court’s denial of the motion to quash, which was based on lack of jurisdiction and improper venue. Here, the defendant fails to show that but for counsel’s errors, the end result would have been different.
In the second and third subclaim, the defendant argues that counsel failed to obtain suppression of the 2008 lineup and failed to obtain exclusion of the prieur evidence. However, the defendant fails to show that counsel’s representation fell below an objective standard of | «reasonableness and that, but for counsel’s errors, the end result would have been different. Further, the defendant fails to show that this Court made any error in the prior rulings.
In the defendant’s fourth subclaim, he asserts that counsel failed to file a motion to quash Count 3 of the bill of information. Specifically, the defendant avers that the State had no evidence to prove that the kidnapping occurred .in the parish of Orleans, However, a review of the record shows that the victim in Count 3 was alleged to have been taken from the French Quarters, which is located in Orleans Parish. Thus, the defendant has failed to show that counsel’s representation fell below an objective standard of reasonableness and that but for counsel’s errors, the end results would have been different.
In the fifth subclaim, the defendant said that counsel failed to raise an ulterior motive by the alleged victim of the 2008 case. However, since the defendant pled guilty to the 2008 charges, the defendant has waived his right to confront and cross-examine the witnesses who accused him of this crime. Thus, the defendant fails to identify any wrongdoing by counsel.
In his sixth subclaim, he contends that the defense counsel failed to raise the claim that the prosecution of Count 1 in the bill of information had expired pursuant to Louisiana Code of Criminal Proee-dure article 572. Conversely, as |flto this claim, the State argues that had the- Court quashed Count 1, there’s no substantial probability that the sentence would have been any different. Here the defendant fails to show that, but for counsel’s errors, the end result would have been different.
And the defendant’s seventh subclaim, he asserts that counsel failed to raise the ex post facto clause in reference to constitutionality- of Criminal Code of Procedure, article 527, the DNA exception to the general time limitation. Here the defendant fails to show that the application of 572 to this case violates the and ex post facto principal. Thus, the defendant fails to show that counsel’s representation fell below an objective standard of reasonableness and that but-for counsel’s errors, the end result would have been different.
And, lastly, in the eighth subclaim, he contends that counsel failed, to preserve any plea issues for appeal pursuant to State v. Crosby. Since the Court finds no error in the pre-plea rulings, I find that the defendant cannot show that he was prejudiced as a result of counsel’s failure to reserve his right to appeal in accordance with Crosby. Thus, the defendant fails to show that, but for counsel’s errors, the end result would have been different. Accordingly, his ineffective assistance of counsel’s claims are without merit.
In the defendant’s second pro se argument, he- contends that the State failed to Imtimely institute prosecution of the 2002 kidnapping charge. Specifically, the defendant asserts that pursuant to article 572 of the Louisiana Code of Criminal Procedure, one, that the time limitation for bringing prosecution on Count 1 had passed. Here, since second-degree kidnapping is a felony, pursuant to article 572(A)(1), the State has six years from the - date the offense has been committed to prosecute. Therefore, the State had six years, from February *982 9th, 2002, in which to prosecute, try, or punish the defendant.
' In opposition, the State argues that article 930.4 of the Code of Criminal Procedure, Section B and it states' that: “This Court shall deny a relief when the defendant alleges a claim of which he had knowledge and inexcusably failed to raise in the proceedings leading to the conviction.” This Court finds that the defendant’s claim should had been raised in the proceedings leading to the conviction, and defendant’s reasons for failing to raise the claim prior to his application for post-conviction relief is inexcusable. Thus, this Court will not consider the merits of the claim pursuant to article 930.4(B) and (F). Therefore—and, furthermore, the defendant’s guilty plea waived any statute of limitation defense. Accordingly, this claim is without merit.
In the defendant’s third pro se argument, he contends that the application of the enacted acts 2003, No. 487, Section 2, which added | nparagraph B, to the Louisiana Code of Criminal Procedure, article 527, constitute ex post facto violation. Specifically, the defendant states that the application of 572(B) permitted his prosecution on the charge of forcible rape, Count 2, after the expiration of the six-year period of time limitation for that charge.
The Louisiana Supreme Court has held that prior to expiration of the statute of limitations effective at the time of alleged offense,- the defendant has no substantial right in limitation. And application of longer limitations statute, which was enacted after the offense but during the original limitation period, does not offend the prohibition on the ex post facto laws. And that State v. Ferrie, F-E-R-R-I-E, here, the 2003 amendment to 572 was enacted after the defendant’s offense but during the defendant’s original limitation period. Thus, Acts 2003, No. 487, Section 2 does not offend the prohibition on ex post facto laws, and, accordingly, this claim is without merit.
- In the defendant’s fourth pro se argu— and counseled argument, they contend the defendant’s guilty plea was not knowingly and intelligently made. Specifically, they aver that the defendant was coerced into taking the plea bargain by trial counsel, and that this Court failed to fully advise him of his constitutional rights he was waiving. Additionally, the defendant contends that the charge in count 4 calls into question the entirety of the | ^defendant’s plea.
A review of the record shows that on August 7, 2012, the defendant, his attorney, and this Court properly executed a waiver of his rights plea of guilty form that enumerated the defendant’s rights and indicated the sentence he would receive in accordance with the plea bargain. Accordingly and additionally, during the guilty plea colloquy, the Court advised the defendant of his right to a jury trial, the right of confrontation, and the privilege against self-incrimination as required by Boykin.
The Court also explained to the defendant the offense with which he was charged and the sentencing range for those offenses. The defendant acknowledged that he understood those rights and was not acting under threat or coercion or duress, and he also indicated that he wished to waive his rights and enter the guilty pleas. The defendant was carefully informed of his rights and the consequences of his pleas. And his pleas were entered in to knowingly and voluntarily. Furthermore, there is nothing in the record to support the defendant’s claim that he was misled, and there is no indication that the defendant’s pleas were in any way coerced or improperly taken by this Court. Accordingly, this claim by the defendant is without merit.
*983 In the fifth pro se argument, the defendant asserts that the State committed prosecutorial misconduct by withholding Brady information. According to Brady, the prosecutor |ismay not suppress evidence which is favorable to the defendant and material to the issue of the defendant’s guilt or innocence, and that’s Brady v. Maryland. Favorable evidence includes both exculpatory evidence and impeachment evidence.
Furthermore, the evidence is material if there is a reasonable probability sufficient to undermine confidence in the outcome that the evidence, if disclosed to the defense, would have changed the outcome of the proceeding or created a reasonable doubt that did not otherwise exist. And that’s U.S. v. Bagley. Here, the defendant’s allegations are general and conclusory. The defendant fails to provide sufficient evidence to support a claim that the State suppressed any exculpatory and material information. Further, the defendant fails to show that the State engaged in any misconduct regarding the defendant’s records request. Accordingly, this claim is without merit.
In his sixth pro se and counseled argument, the defendant claims that the Court lacked subject matter jurisdiction over Count 4 of the bill of information. Specifically, the defendant asserts that since the named victim in Count 4 could not identify the exact location where she was raped, the Court did not have jurisdiction over that count.
Louisiana Code of Criminal Procedure, article 611, provides that: “All trials shall take place in the parish where the offense has been committed unless the venue is changed. If 114acts constituting an offense or if the elements of an offense occurred in more than one place, in or out of the parish or State, the offense is deemed to have been committed in any parish in the state in which any such act or element occurred. Here, the evidence shows that the elements of threats and/or without the lawful consent were present from the outset of the kidnapping in New Orleans and relevant when the victim was later prevented from resisting the rape. Thus, the act or element of the forcible rape occurred in Orleans Parish. And that’s State v. Hester. Thus, the Court did not err in finding it had subject matter jurisdiction over Count 4 of the bill of information. And, accordingly, this claim is without merit.
Lastly, the defendant, through, counsel, requested an out-of-time appeal. The defendant alleges that trial counsel failed to safeguard his right to appeal. However, as a result of the defendant’s guilty plea, he waived his rights to trial and appeal. Thus, the defendant cannot seek an out-of-time appeal.
For the foregoing reasons that I’ve just stated, the application for post-conviction relief is denied.
MR. DALY:
, Thank you, Your Honor.
MR. HARRELL:
On behalf of Mr. Puderer, Your Honor, please note our objection and our intent to seek writs. I would request a return date of—
Jj¿THE COURT:
You can get 30 days.
MR. HARRELL:
May I have 45? Because I’m not sure if I will be handling—
THE COURT:
Well, we have to do the 31st, and then you will have to ask for the extension.
MR. HARRELL:
That’s fíne. I can handle that, Judge.
*984 THE COURT:
So I mean, I will give you the extension, but I can only go 30.
MR. HARRELL:
Okay. Very well.
THE COURT:
Because they won’t consider it if we do it beyond then. So 30 would be April 3rd. Let’s do April 2nd, just to be sure, because there are 31 days in March. And then on the 2nd or before the 2nd, if you want—I think you have to the 2nd, and then I can extend it again.
MR. HARRELL:,
Very well, Your Honor.
THE COURT:
All right. So I will note your objection and notice your intent to seek a writ. We will set the return date at this time for April 2nd. And then if you will come by then, then we can extend the date.
MR. HARRELL:
Thank you.
Jj/THE COURT:
And, let me say this: Mr. Harrell, I’m going to out—I think court is closed April 3rd, because I think that’s Good Friday. So just if you will kind of flag your calendar.
MR. HARRELL:
Okay. Very well.
THE COURT:
Thank you. So at this time, then, we will note that you will seek your writ. But the case on my end is closed as to Mr. Puderer, and we don’t have any next date because I don’t need him back on the 3rd.
MR. HARRELL:
That’s correct.
THE COURT:
All right. Thank you.
MR. DALY:
Thank you, Your Honor.
(WHEREUPON THIS CONCLUDES THE PROCEEDING)
[^CERTIFICATE
I, Donna Hadley—Coleman, Official or Deputy Official Court Reporter in and for the State of Louisiana, employed as an official or deputy official court reporter in the Orleans Parish Criminal Court for the State of Louisiana, as the officer before whom this testimony was taken, do hereby certify that this testimony was reported by me in the stenotype reporting method, was prepared and transcribed by me or under my direction and supervision, and is a true and correct transcript to the best of my ability and understanding, that the transcript has been prepared in compliance with transcript format guidelines required by statute or by rules of the board or by the Supreme Court of Louisiana, and that I am not related to counsel or to the parties herein nor am I otherwise interested in the outcome of this matter.

[s[

Donna Hadley-Coleman, CCR, RPR Certified Official Court Reporter