STATE OF LOUISIANA          *        NO. 2022-KA-0623

VERSUS                        *        COURT OF APPEAL

DARRYL PUDERER           *        FOURTH CIRCUIT

                                       *        STATE OF LOUISIANA

                                       *

                                       *

                      * * * * * * *

**JCL**     **LOBRANO, J., DISSENTS AND ASSIGNS REASONS**

        I would reverse the district court's granting of an out-of-time appeal and dismiss the present appeal.

**PROCEDURAL HISTORY**

        On August 7, 2012, Darryl Puderer ("Defendant") pled guilty to two counts of forcible rape and two counts of second-degree kidnapping. In accord with the plea bargain, the court sentenced him to twenty years imprisonment at hard labor on each count, sentences to be served concurrently. This Court denied Defendant's writ application in 2015 when he sought supervisory review of a district court ruling denying him post-conviction relief in which he requested, *inter alia*, an out-of-time appeal. *State v. Puderer*, 15-0468 (La. App. 4 Cir. 6/17/15). The Supreme Court likewise denied writs, issuing the following per curiam:

> Denied. [Defendant] fails to show he was denied the effective assistance of counsel during plea negotiations under the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed,2d 674 (1984). [Defendant]'s remaining claims are repetitive and/or unsupported. La.C.Cr.P. art. 930.2; La.C.Cr.P. art. 930.4. We attach hereto and make a part hereof the District Court's oral reasons denying [Defendant]'s application.
>
> [Defendant] has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and

1

within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended La.C.Cr.P. art. 930.4 to make the procedural bars against successive filings mandatory. [Defendant]'s claims have now been fully litigated in state collateral proceedings in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, [Defendant] has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.

*State ex rel. Puderer v. State*, 15-1359, pp. 1-2 (La. 10/17/16), 202 So.3d 978, 979.

The district court's 2015 reasons denying the application read in pertinent part: "Lastly, [Defendant], through counsel, requested an out-of-time appeal. [Defendant] alleges that trial counsel failed to safeguard his right to appeal. However, as a result of [Defendant]'s guilty plea, he waived his rights to trial and appeal. Thus, [Defendant] cannot seek an out-of-time appeal."

On February 25, 2020, Defendant filed a second post-conviction relief application in which he again argued he was entitled to an out-of-time appeal. In the State's court-ordered response objecting to the second post-conviction application on procedural grounds, for reasons that remain entirely unclear given the guilty pleas entered and the repetitiveness of the application, the State acquiesced to another request for an out-of-time appeal. La. C.Cr.P. art. 930.4(G), as amended in 2021, allows the State to waive procedural objections to an application for post-conviction relief.[1] Here, the State objected on procedural grounds to the second post-conviction relief application.

On March 16, 2022, the district court granted Defendant an out-of-time appeal. The district court reasoned that "[a] review of the record shows that [Defendant], on multiple occasions, expressed to trial counsel his wishes and intent to pursue an Appeal, however trial counsel did not respond nor move forward with

---

[1] La. C.Cr.P. art. 930.4(G) provides, "Notwithstanding any provision of this Title to the contrary, the state may affirmatively waive any procedural objection pursuant to this Article. Such waiver shall be express and in writing and filed by the state into the district court record."

2

filing a Notice of Intent on behalf of [Defendant]." Citing *Garza v. Idaho,* --- U.S. ---, 139 S. Ct. 738, 742, 203 L.Ed.2d 77 (2019), the district court found that Defendant was prejudiced by his "trial counsel's failure to complete the ministerial task of filing notice of intent."

**DISCUSSION**

Notwithstanding the State's acquiescence to an out-of-time appeal, I find that the district court erred in granting an out-of-time appeal.

As an initial matter, La. C.Cr.P. art. 930.8(A)(2) provides

> No application for post conviction relief, including applications which seek an out-of-time appeal shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922 unless . . . [t]he claim asserted in the petition is based upon a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case, and the petition is filed within one year of the finality of the such ruling.

The district court's reliance on *Garza* as a new rule of constitutional law retroactively applicable to Defendant's case is misplaced. In *Garza*, the United States Supreme Court held the defendant's trial counsel had rendered ineffective assistance by failing to file a notice of appeal despite Garza's repeated requests. Courts analyzing *Garza*, however, "have uniformly held that it does not represent a new law that is retroactively applicable on collateral review." *Sanders v. United States*, No. 13-CR-3696 RB, 2020 WL 1929463, at *2 (D. N.M. Apr. 21, 2020) (collecting cases); *see also Thieme v. United States*, Civ. No. 19-15507 (SDW), 2020 WL 1441654, at *3 (D. N.J. Mar. 24, 2020) (*Garza* did not recognize a new right but was only applying the rule announced in *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), to circumstances involving an appellate waiver, nor has it been made retroactive to cases on collateral review); *Randolph v. United States*, No. 6:16-cr-06116-FPG, 2020 WL 7343981, at

3

*7, n. 7 (W.D.N.Y. June 16, 2020) ("The Supreme Court has not held *Garza* to be retroactively applicable, and every court to have considered the issue has held that *Garza* did not announce a new rule of constitutional law that can be applied retroactively."); *Moreno v. United States*, No. 19 C 6752, 2020 WL 291392, at *2 (N.D. Ill. Jan. 21, 2020); *Hall v. Payne*, No. 5:13-cv-00356 KGB, 2021 WL 9721322, at *6 (E.D. Ark. Feb. 19, 2021).

In *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189, the Supreme Court upheld the constitutional validity of the time-limitations period set out in La. C.Cr.P. art. 930.8 for filing applications for post-conviction relief. In addition, *Glover* envisions that appellate courts will apply the time bar *sua sponte* even when the district court has not done so. *Id.*, 93-2330, p. 22, 660 So.2d at 1201 ("In our view, the fact that the trial court reached the merits of an untimely filed application for post-conviction relief, when the application did not fit within one of the exceptions in Art. 930.8(A), did not preclude the court of appeal from raising Art. 930.8's time bar."); *see also State v. Theard*, 04-1212 (La. 6/17/05), 905 So.2d 681 (same); *State v. Clark*, 18-519, p. 3 (La. App. 5 Cir. 12/27/18), 263 So.3d 957, 959 ("The trial court does not have jurisdiction to grant an untimely application for post-conviction relief seeking an out-of-time appeal absent the showing of an exception to the time limitation as provided for by Article 930.8.").

In 2021, the legislature amended La. C.Cr.P. art. 930.8 and added paragraph D. The amended code article allows the State to "affirmatively waive any objection to the timeliness" of a post-conviction application provided that the "waiver shall be express and in writing and filed by the state into the district court record." La. C.Cr.P. 930.8(D).

In its court-ordered response, the State objected to the second post-conviction application on the grounds that Defendant's ineffective assistance of counsel claim was procedurally barred as that claim had previously been heard and

4

denied by the trial court, but added that it "d[id] not object to the court granting [Defendant] an out-of-time appeal." Given the State's procedural objection and its ambiguous acquiescence to the out-of-time appeal, I find that La. C.Cr.P. arts. 930.4(G) and 930.8(D) waivers were not effected in accordance with the legislative intent of these articles. For this reason, I further find the district court erred in authorizing the out-of-time appeal. Accordingly, I would reverse the district court's granting of an out-of-time appeal and dismiss the present appeal.